## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

AARON DAVID SILVER,

     Plaintiff,

vs.                                                                Civil No. 06-266 WJ/ACT

UNITED STATES OF AMERICA,

     Defendant.

### MEMORANDUM OPINION AND ORDER ON DEFENDANT'S
### MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss or,

Alternatively, Motion for Summary Judgment (Doc. 14).  Having reviewed the submissions of the

parties and being otherwise fully advised on the law, I conclude that Defendant's motion is moot

to the extent it requests the claims of corporate entity Plaintiffs be dismissed because Plaintiff

Aaron David Silver concedes that these entities are not parties to this lawsuit.  Defendant's

motion is otherwise well taken and will be granted for the reasons and in the manner explained

herein.

**BACKGROUND**

Plaintiff is appearing in this case *pro se*.  He filed his original Complaint in this Court on

April 4, 2006.  In the Complaint, he alleges that he is owed $285,000.00 in income tax refunds for

tax hears 2001 through 2004.  He further alleges that a corporation for which he is the sole

shareholder has been assessed back taxes by the IRS in the amount of $234,418.92.  Another company for whom Plaintiff acts as member manager has been assessed back taxes by the IRS in the amount of $11,777.18.  The IRS has refused to apply the refund owed to Plaintiff for his personal income taxes to the tax debt for these two entities.  The two entities are being assessed interest for their back taxes.  The alleged refund owed to Plaintiff is not accruing interest.  While these entities are not listed in the caption of the case, Plaintiff lists these entities as parties in the body of his Complaint.

Plaintiff's Complaint alleged that the Defendant's conduct in refusing to refund Plaintiff's money is fraud.  Additionally, because the IRS referred to Plaintiff as the alter ego of the companies when seized his personal assets to pay the entities' taxes, the IRS is committing fraud in not allowing the Plaintiff's refund to offset the debt of the entities.  Plaintiff requests payment to him of the refunds owed plus interest.

Plaintiff filed an Amended Complaint that incorporated his original Complaint by reference.  The additional allegations in the Amended Complaint state that on April 25, 1997, the IRS served Plaintiff with a Levy on Plaintiffs' assets in New York for the amount of $771,332.53. Plaintiff alleges that this amount was grossly in error, and that the IRS knew this amount was grossly in error.  Plaintiff alleges that the IRS admitted this amount was in error but refused and continues to refuse to correct the error.  Additionally, Plaintiff alleges that the IRS acted in an arbitrary and capricious manner when it issued the levy because it had lost Plaintiff's file and had no documents to support the levy.  With regard to the seized assets, Plaintiff contends that they were sold without regard for their value and that the government has refused to remit to Plaintiff the funds from the sale in spite of the fact that Plaintiff did not owe the IRS any money.

2

The Amended Complaint makes allegations regarding a refund due from his 1987 tax return and an abatement of tax for his 1988 return that wrongfully failed to abate the penalties and interest.  Based on this, Plaintiff alleges that the IRS owed him money at the time it seized his property pursuant to the levy.  The Amended Complaint alleges a claim of fraud for the seizure of his property under an inaccurate levy and requests damages in the amount owed to him plus interest.  A copy of the levy is incorporated in the Amended Complaint.  Handwritten on the Levy is the number 97160241 CS.

Defendant United States filed the instant motion to dismiss or, alternatively, for summary judgment arguing that Plaintiff's attempt to claim refunds for tax years 2001 and 2004 must be dismissed because Plaintiff did not pay any taxes for those years.  Defendant contends that it is entitled to dismissal of Plaintiff's claims for refunds for the 2002 and 2003 tax years because those refunds were applied by the IRS to other of Plaintiff's unpaid tax obligations.  Defendant urges that Plaintiff's remaining claims for fraud are barred by Defendant's sovereign immunity.  Finally, Defendant argues that Plaintiff may not represent the corporations listed in his Complaint and Amended Complaint because he is not an attorney.

Defendant submitted evidence with its motion showing that Plaintiff's tax returns for the tax years 2001 and 2004 reported no taxes due and no tax payments made for those years.  Defendant also submitted evidence showing that the refunds Plaintiff claimed for tax years 2002 and 2003 were applied by the IRS to unpaid tax obligations from prior years and that taxes are still owed by Plaintiff for those tax years.  Defendant cites to a published opinion from the Tenth Circuit Bankruptcy Appellate Panel indicating that the IRS lien was properly imposed pursuant to 26 U.S.C. § 6321 giving the IRS an interest in all of Plaintiff's personal property.  See In re

Silver, 303 B.R. 849, 855 (B.A.P. 10th Cir. 2004).  Defendant indicates that the bankruptcy case

is still pending and it has not received any payments toward its claim against the bankruptcy

estate.

    In response, Plaintiff states that the entities named in the Complaint were inadvertently

named as parties and that he did not intend they be parties.  Plaintiff adds allegations in his

response concerning a refund owed for tax year 2005.  He filed his return for 2005 after filing his

Complaint in this matter but would like to recover that refund as part of this case.  Plaintiff argues

that Defendant provided no evidence regarding application of his refunds to other unpaid tax

obligations.  Plaintiff also argues that he has evidence that the IRS received proceeds from the

auction of Plaintiff's property.  Plaintiff contends that he has evidence showing that penalties

assessed against him were deleted such that the amount of the levy was clearly inaccurate.  He

also states that his evidence shows that the lien was released with regard to at least one of the civil

penalties on which the levy was based.  Finally, Plaintiff argues that the Defendant's contention

that sums were reassessed against him is in conflict with a ruling of the United States Tax Court.

    Defendant replies that Plaintiff has failed to meet his burden of showing a genuine issue for

trial.

**LEGAL STANDARD**

    When a jurisdictional issue is raised, the Court must address this issue first even if the case

might be more easily resolved on the merits.  Payton v. U.S. Dep't of Agriculture, 337 F.3d 1163,

1167 (10th Cir. July 29, 2003).  A party may go beyond the allegations contained in the complaint

and challenge the facts upon which jurisdiction depends.  Sizova v. National Institute of Standards

& Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000,

1003 (10th Cir. 1995). A Rule 12(b)(1) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Sizova, 282 F.3d 1324-25; Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

Generally, when a party brings a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and includes exhibits for the Court to consider, the Court must convert the motion to one for summary judgment pursuant to Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b); Lamb v. Rizzo, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) (citing Nichols v. U.S., 796 F.2d 361, 364 (10th Cir. 1986)). In a case such as this where the movant clearly states that the motion is made, alternatively, pursuant to Fed. R. Civ. P. 56, where the nonmovant did not object to the consideration by the Court of the movant's exhibits, and where the nonmovant provided his own exhibits in response to the motion, the Court may consider the exhibits and rule on the motion pursuant to Rule 56 without further ado. Lamb, 391 F.3d at 1137 n.3.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000). The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of

persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1150 (10th Cir. 2005). In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204.

**DISCUSSION**

I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS OF FRAUD

The United States is immune from suit unless it waives its sovereign immunity and consents to be sued, and federal courts lack subject matter jurisdiction over suits against the United States absent an express waiver of sovereign immunity. Harrell v. United States, 443 F.3d 1231, 1234 (10th Cir. 2006). Plaintiff has provided no reference to any provision of the Internal Revenue Code (IRC) that would allow his claims of fraud against the United States. Moreover, the Court's review of IRC provisions that authorize suit against the Internal Revenue Service (IRS) under certain circumstances do not provide a basis for Plaintiff's claims of fraud. See

6

Roberts v. I.R.S., --- F.Supp.2d ---, 2006 WL 3873161 (S.D.N.Y. 2006).  To the extent that Plaintiff's fraud claims are construed as tort claims, the waiver of sovereign immunity found in the Federal Tort Claims Act expressly excludes "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).  Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims of fraud because there is no waiver of immunity for such a claim, and these claims will be dismissed without prejudice.

II.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REFUND CLAIMS FOR THE 2001 AND 2004 TAX YEARS.

A district court has jurisdiction over any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected so long as the claimant has timely filed an administrative claim.  United States v. Dalm, 494 U.S. 596, 601-02 (construing 28 U.S.C. § 1346(a)(1) in harmony and conformity with 26 U.S.C. §§ 6511 and 7422(a)).  Defendant contends that Plaintiff never filed an administrative claim with regard to the 2001 and 2004 tax years.  In his response, Plaintiff provided no evidence or argument that he filed an administrative claim in accordance with 26 U.S.C. §§ 6511 and 7422(a).  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's refund claims for the 2001 and 2004 tax years and these claims will be dismissed without prejudice.

III.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REFUND CLAIM FOR TAX YEAR 2005.

Plaintiff's response to Defendant's motion attempts to add a refund claim for his 2005 tax return which was allegedly filed during the pendency of this lawsuit.  Even assuming that this Court should treat Plaintiff's response to Defendant's motion as a motion to amend his Complaint to add a refund claim for the 2005 tax year, there is no indication that Plaintiff has filed an

7

administrative claim for the 2005 tax year in accordance with 26 U.S.C. §§ 6511 and 7422(a).  As explained above, this Court lacks subject matter jurisdiction over the claim and it will be dismissed without prejudice.

IV.     PLAINTIFF CONCEDES THAT HE IS THE ONLY PLAINTIFF IN THIS MATTER AND THAT THE CORPORATIONS LISTED AS PARTIES IN HIS COMPLAINT ARE NOT PARTIES TO THIS LAWSUIT.

  Plaintiff's Complaint and Amended Complaint list only Aaron David Silver as a Plaintiff in the caption of the case.  However, in the body of Plaintiff's original Complaint, incorporated by reference in the Amended Complaint, Northern Hills, Inc. and the Albert & Leonard Produce Co. are listed as parties.  Plaintiff's response to Defendant's motion affirmatively concedes that these entities are not parties to this lawsuit.  Thus, the motion to dismiss the claims of these parties is moot and will be denied as such.

III.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF'S REMAINING CLAIMS

  In addition to his claims for fraud and his claims with regard to the taxes and refunds assessed for the 2001, 2004 and 2005 tax years, all of which claims have been dismissed as described above, Plaintiff's Complaint and Amended Complaint can be read to state claims of erroneously or illegally assessed taxes or penalties, i.e., refund claims, with regard to the 2002 and 2003 tax years and with regard to the assessments listed on the IRS Levy attached to Plaintiff's Amended Complaint.  Even assuming that Plaintiff has properly and timely filed administrative claims with regard to all of these claims in accordance with 26 U.S.C. §§ 6511 and 7422(a), Plaintiff has failed to meet his burden of showing a genuine issue of fact with regard to these claims sufficient to survive Defendant's motion for summary judgment.

8

Defendant's evidence shows that Plaintiff's refunds for the 2002 and 2003 tax years were appropriately and legally applied to Plaintiff's other tax obligations.  Plaintiff has provided no evidence that would create a dispute with regard to this.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims for the 2002 and 2003 tax years.

Defendant has provided a published federal court opinion indicating that the assets to which the IRS levy attached became part of bankruptcy estate in Plaintiff's Chapter 7 bankruptcy case.  See In re Silver, 303 B.R. at 854-55.  That opinion also indicates that the IRS was initially given custody of at least some of the assets but later turned all of the assets over to the Trustee in the Chapter 7 case, and the Trustee then sold some or all of the assets.[1]  Id.  Defendant denies that it sold any of Plaintiff's assets seized pursuant to the levy.

Plaintiff urges that Defendant did sell assets seized under the levy.  Plaintiff provides a copy of an objection filed by Defendant in the Chapter 7 bankruptcy case and argues that this filing proves that the Defendant sold assets.  The filing referenced by Plaintiff, attached to Plaintiff's response as Exhibit 5, does prove that Plaintiff's assets were sold, but does not prove that Defendant had anything to do with that sale.  Rather, the exhibit, in conjunction with the published opinion in In re Silver, 303 B.R. 849, suggests that the assets were sold by the Trustee in bankruptcy.  The exhibit also does not show that Defendant received any proceeds from the sale that would offset any of Plaintiff's tax obligations.  The exhibit is clearly an attempt by Defendant to be reimbursed for its costs in storing and moving the assets prior to turning them

---

[1]The documents provided by Plaintiff regarding the levy and the valuation of the assets are nearly illegible.  The bankruptcy case indicates that the assets sold by the Trustee was artwork.  It is unclear whether there were other assets seized pursuant to the levy, but Plaintiff has provided no legible and coherent evidence on this issue.

9

over to the Trustee.  Such reimbursement, if it occurs, will have no impact on any of Plaintiff's tax obligations.  Thus, Plaintiff's exhibit does not create a dispute as to any material fact with regard to his claims of an illegally or erroneously assessed tax with regard to the levy.

Plaintiff provides additional exhibits that he believes are proof that the amount of money for which the levy was issued was grossly incorrect.  However, none of the exhibits tends to prove anything.  Exhibit 2 is a valuation sheet that shows only that something seized pursuant to the levy was apparently valued at twelve dollars.[2]  This exhibit does not show that any asset was sold and does not show anything with regard to the reasonableness of any assessment of a tax obligation.  Exhibit 3 is a letter from the IRS indicating that a "proof of claim" was amended, that a penalty assessed against one of the corporate entities named in Plaintiff's Complaint was deleted, but that a penalty against another of the corporate entities named in Plaintiff's Complaint was added to the amended "proof of claim."  Plaintiff appears to argue that this letter proves that some of his indebtedness to the IRS was erroneous and that he owes the IRS less than what they allege.  The only thing that can be inferred from this exhibit is that something was changed and was attributed to one corporate entity rather than another - there is no inference that any money was paid or any that any of Plaintiff's tax obligation was reduced in any way.

Exhibit 4 likely makes perfect sense in some context, but outside that context it is completely incomprehensible.  It does not even appear to relate to this case.  According to Plaintiff, this exhibit shows that certain of his tax obligations were paid, and the levy against his property was released.  On the first page of the exhibit, there is a status box with "Rel Pend"

---

[2]Exhibit 1 contains Plaintiff's tax forms for the 2005 tax year and is not relevant to Plaintiff's claims based on the levy.

10

typed in, and I believe this is an indication of "release pending."  However, nothing on the page indicates the thing that is being released, and there is no reason to infer that it is the levy at issue in this case that is being released.  There is no reference in the exhibit to the levy, and there is not even a reference to Plaintiff..  In fact, someone else's name appears on this first page of the exhibit.  The second page of the exhibit is a copy of a check drawn on the account of one of the corporate entities mentioned in Plaintiff's Complaint and paid to the IRS.  While this portion of the exhibit would appear to show that some money was paid toward a tax obligation of the corporate entity, there is nothing tying this payment to anything with respect to the levy.  Thus, it proves nothing with regard to Plaintiff's allegations and creates no genuine issue of disputed fact.

Exhibit 6 is an Order from the United States Tax Court concluding that Plaintiff's claims against the IRS in that case for tax years 1985 through 1992 must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to show that the IRS issued him a notice of deficiency for those years.  Plaintiff argues that this is conclusive proof that he had no tax obligations for tax years 1985 through 1992.  First, the order is not conclusive proof that he had no tax obligations for those years.  It is only conclusive of the fact that Plaintiff failed to provide the tax court with proof that he received a deficiency notice.  Second, there is nothing in this case to which the tax years 1985 through 1992 are relevant.  The outstanding tax obligations to which Plaintiff's refunds were applied and for which the levy was apparently issued are from tax years subsequent to 1992.  Accordingly, Plaintiff has failed to meet his burden of showing a disputed issue of fact with regard to his claims, and Defendant is entitled to summary judgment with regard to these claims.

CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 14) is hereby MOOT to the extent it seeks dismissal of claims by corporate entity plaintiffs because the corporate entities are not parties to this lawsuit.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 14) is hereby GRANTED in that:

1.    Plaintiff's claims of fraud against the United States are hereby DISMISSED WITHOUT PREJUDICE based on the sovereign immunity of the United States and the resulting lack of subject matter jurisdiction in this Court.

2.    Plaintiff's claims brought pursuant to 26 U.S.C. §§ 6511 and 7422(a) for tax years 2001, 2004 and 2005 are hereby DISMISSED WITHOUT PREJUDICE because this Court lacks subject matter jurisdiction over these claims.

3.    Defendant is hereby entitled to SUMMARY JUDGMENT with regard to Plaintiff's remaining claims and these are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE